# CHARLESTON.

FEDER, ADMR, v. HAGER et al.

Submitted January 19, 1910. Decided April 18, 1911.

1. PUBLIC LANDS—*Sale—Decree.*

   A decree of sale, reciting that the land proceeded against and directed to be sold is "school land" or "waste and unappropriated land," is sufficient *prima facie* evidence of the state's title to meet the requirements of points 3 and 4 of the syllabus in this case on former writ of error, 64 W. Va. 452. (p. 161).

2. SAME—*School Lands—Identity of Land Sold.*

   The whole of the record of proceedings for the sale of school lands, together with the deed made in pursuance thereof, should be looked to for the purpose of identifying land thereby sold as land now in controversy. (p. 162).

Error to Circuit Court, Boone County.

Action by Julius C. Feder, as administrator, against John W. Hager and others. Judgment for defendants, and plaintiff brings error.

*Reversed and Judgment Rendered.*

*Payne & Payne* and *Brown, Jackson & Knight,* for plaintiff in error.

*F. C. Leftwich* and *W. R. Thompson,* for defendants in error.

ROBINSON, JUDGE:

An understanding of this unlawful entry and detainer case may be had by reference to the opinion on a former writ of error. 64 W. Va. 452. It will there be observed that the judgment was reversed and the case remanded for a new trial. Plaintiff had not fully traced his title to the state. He relied upon a deed from a commissioner of school lands, but did not sufficiently support that deed by the record of the proceedings in which it was authorized to be made. We held that "such parts of the record of the court proceedings upon which the deed is based as show forfeiture of the land or title thereto in the state are necessary as *prima facie* evidence that the deed carried the

state's title," and "that the court proceedings introduced to support the deed are not evidence that the state had title which was thereby conveyed, if they contain no reference to such facts of title."

There has been another trial of the case—one by the court in lieu of a jury. All the evidence on the former trial was again considered, by agreement of the parties. In addition, plaintiff introduced a decree for the sale of school lands, entered in the proceedings which were the basis of the deed through which he claims. This decree directs the sale of the land as school land—waste and unappropriated land. Plaintiff also proved that the title under which defendants claim to hold was forfeited at the time of the sale pursuant to this decree. Besides, plaintiff proved that he and those under whom he holds have regularly been charged with the taxes on the land and have paid the same. On defendants' part, the evidence on the new trial was practically the same as that on the former one. The court found for defendants and entered judgment in their favor. The right to possession which plaintiff claimed by the action was thereby denied him, and he has prosecuted the writ of error now under consideration.

We are well satisfied that the judgment is erroneous. Plaintiff proved good title to the land and upon it was entitled to possession as against defendants who claim possession under an inferior title. Plaintiff traced his title to the state. He showed a complete and superior title to the land. Being the real owner he is entitled to possession as against those claiming under an inferior title. "Entry upon land by any person other than the legal owner is unlawful, if it be without the owner's consent." Defendants were not in possession by consent of plaintiff, who shows himself the legal owner, and they should have been ousted.

In this new trial, plaintiff supplied everything that we held to be wanting on the former trial. He made the *prima facie* case which we there prescribed. Defendants did not meet the case so made. Plaintiff introduced court proceedings to support the deed of the commissioner of school lands, which proceedings contained references to the fact that the land belonged to the state and was liable to be sold for the benefit of the school fund. The decree of sale certainly meets every requirement in this

particular. It recites that the land was "school land" and that it was "waste and unappropriated."

These recitals take the title to the state. In our former opinion herein we said: "If there was a single declaration in such record that the land proceeded against was forfeited, treated as forfeited or belonging to the state, it would be *prima facie* evidence of such fact. If a report of state lands liable to sale, by the proper officer, or decree of sale reciting such report, treated the land as belonging to the state, it would be sufficient until rebutted. *Strader* v. *Goff,* 6 W. Va. 268." The decree of sale, now introduced, recites a report of state lands liable to sale, made by the proper officer, and that decree in terms treats the land so reported and now involved in this suit as then belonging to the state. So the requirements of our former holding have been met.

Defendants contend, however, that the particular tract of land now in controversy is not identified as the land mentioned in that decree. They say that plaintiff failed in proof because the decree, reciting the report of state lands liable to sale and directing sale thereof, does not name a tract that fits the land plaintiff claims. If we look only to the decree of sale, that may be true.

But the report of survey, the decree confirming sale, and the deed made in pursuance of the last named decree, sufficiently identify the land now claimed by plaintiff as the Tract No. 8 named in the decree of sale which recites that it was state land when proceeded against for the benefit of the school fund.

The judgment will be reversed, and judgment that plaintiff have possession of the land as against defendants will now be entered here.

*Reversed, and Judgment Rendered.*